UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID HOSANNAH, #13006685,

                Plaintiff,

-against-

OFFICER AMEED SAEED #2544, NASSAU COUNTY
CORRECTIONAL CENTER, SHERIFF DEPARTMENT,

                Defendants.
------------------------------------------------------------X
DAVID HOSANNAH, #13006685,

                Plaintiff,

-against-

NASSAU COUNTY SHERIFF DEPARTMENT,
DIVISION OF CORRECTION, OFFICER AMEED
SAEED #2544,

                Defendants.
------------------------------------------------------------X

ORDER
15-CV-3773 (JFB) (AYS)

15-CV-5413 (JFB) (AYS)

JOSEPH F. BIANCO, District Judge:

On June 18, 2015, incarcerated *pro se* plaintiff David Hosannah ("plaintiff") filed an *in forma pauperis* civil rights complaint ("Hosannah I") against Officer Ameed Saeed #2544 ("C.O. Saeed") and the Nassau County Correctional Center, Sheriff Department ("the Jail" and together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). This complaint was assigned docket number 15-3773, and by Order dated August 21, 2015, the Court granted plaintiff's application to proceed *in forma pauperis*. On September 10, 2015, plaintiff filed another complaint ("Hosannah II") against the defendants alleging similar allegations as those set forth in Hosannah I and submitted another application to proceed *in forma pauperis*. The second complaint was assigned docket number 15-5413. Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial

status qualifies him to commence Hosannah II without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

However, because the complaints are largely duplicative, the Court consolidates them under the first filed complaint, 15-3773, and directs that the case assigned docket number 15-5413 be closed. All future filings shall be made only under docket number 15-5413. The Clerk of Court shall forward to the United States Marshal Service for the Eastern District of New York copies of plaintiff's summonses, the complaint in Hosannah II, and this Order for service upon the defendants without prepayment of fees.

## DISCUSSION

I. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence Hosannah II without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

II. Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009)

("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221. Here, the complaints filed by plaintiff are largely identical. In addition to the allegations set forth in Hosannah I, Hosannah II includes allegations of incidents alleged to have occurred *after* Hosannah I was filed. Accordingly, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 15-CV-3773. The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark the second case (15-CV-5413) closed. All future filings are to be docketed in 15-CV-3773; and (3) forward copies of the summonses, the complaint and this order to the United States Marshal Service for service upon the defendants forthwith.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the first and second complaints are consolidated into plaintiff's first-filed case, 15-3773. The Clerk of Court is directed to mark the second case (15-CV-5413) closed and all future filings are to be docketed in 15-CV-3773. The Clerk of Court is further directed to forward copies of the summons, the complaint and this order to the United States Marshal Service for service upon the defendants forthwith and to mail a copy of this Order to plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Dated: November 1*), 2015
Central Islip, New York

Joseph F. Bianco
United States District Judge